**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| EDDIE WHITE, | § | |
| | § | |
| Plaintiff, | § | **Civil Action No.** |
| | § | |
| v. | § | |
| | § | **Jury Trial Demanded** |
| MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC., | § § § § | |
| Defendants. | § § | |

EDDIE WHITE, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MIDLAND FUNDING, LLC ("Defendant Midland"), MIDLAND CREDIT MANAGEMENT, INC. ("Defendant MCM"), and ENCORE CAPITAL GROUP, INC. ("Defendant Encore) (collectively, "Defendants"):

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Telephone Consumer Protection Act, and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq*.

### III. PARTIES

5. Plaintiff is a natural person residing in Midlothian, Texas 76065.

6. Defendant Midland is a corporation specializing in debt collection with its principal place of business at 8875 Aero Drive, San Diego, California 92123.

7. Defendant MCM is a corporations specializing in debt collection with its principal place of business at 5775 Roscoe Court, San Diego, California 92123.

8. Defendant Encore is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California 92123.

9. At all relevant times, Defendants acted as a "debt collector(s)" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

10. Defendant regularly conducts business in the State of Texas, thus personal jurisdiction is established.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

12. At all relevant times, Defendants contacted Plaintiff in an attempt to collect a consumer debt that Plaintiff does not owe.

13. The alleged consumer debt, an overdue Verizon bill, is owed by Plaintiff's daughter, Candace.

14. Plaintiff never entered into any contract with Verizon for this debt, is not a co-signer, and did not guarantee payment of this debt.

15. Upon information and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes.

16. From April to May 2013, Defendants placed continuous and harassing telephone calls to Plaintiff's cellular telephone from numbers, including but not limited to (800) 265-8825, looking for Plaintiff's daughter, Candace. The undersigned has confirmed this number belongs to Defendants.

17. Plaintiff received one (1) to two (2) calls per day, sometimes receiving as many as four (4) calls in a single day.

18. Plaintiff asked Defendants to stop calling him, and informed them that his daughter could not be reached at this number, that his daughter did not live with him, and that he was in no way connected to the debt.

19. Despite this information, Defendants continued to place telephone calls to Plaintiff.

20. During one conversation, Defendants asked Plaintiff if he would pay his daughter's financial obligation.

21. Plaintiff responded that it was her debt and to stop contacting him.

22. Upon information and belief, Defendants requested Plaintiff pay his daughter's debt for the intended purposes of harassment and/or subjecting him to emotional abuse.

23. Upon information and belief, Defendants were calling Plaintiff with the use of an automated dialing system.

24. Plaintiff never consented to Defendants calling him.

25. Defendants' calls were not placed for "emergency purposes."

26. Defendants took the above described actions with the intent to harass and abuse Plaintiff.

**COUNT I**
**DEFENDANTS VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

27. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

29. Defendants violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated and continuous telephone calls to Plaintiff regarding a debt Plaintiff does not owe with the intent to abuse and harass him, and when it demanded that Plaintiff pay his daughter's debt with the knowledge Plaintiff did not owe the debt, and when it engaged in other harassing and abusive conduct.

**COUNT II**
**DEFENDANTS VIOLATED §§ 1692e, 1692e(2)(A), and 1692e(10) OF THE FDCPA**

30. Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.

32. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

33. Defendants violated §§ 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA when it sought to collect a debt from Plaintiff that Plaintiff does not owe, when it represented that Plaintiff owed the debt, when it demanded Plaintiff pay his daughter's financial obligation, and when it engaged in other deceptive or misleading conduct.

## COUNT III
## **DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

34. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

35. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

36. A non-debtor has a vastly greater privacy interest from debt collection telephone calls to a cellular telephone than an individual who is a debtor. Watson v. NCO Group Inc., 462 F.Supp.2d 641 (E.D. Pa. 2006.)

37. Despite the fact that Plaintiff is a non-debtor who never consented to Defendants making calls to Plaintiff's cellular phone, upon information and belief, Defendant placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

38. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

39. Here, upon information and belief, Defendants regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

40. Defendants did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

41. Defendants' conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

## COUNT IV
## DEFENDANTS VIOLTATED §§ 392. 302(4) 392.303(a)(2) OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT

42. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

43. Defendant violated §§ 392.302(4) and 392.303(a)(2) when it called Plaintiffs repeatedly and continuously, when it continued to call Plaintiff after he disputed the debt and told Defendants' collectors they had to contact his daughter, when it continued to call Plaintiff after having knowledge that it was calling the wrong person, and when it engaged in other unfair conduct.

WHEREFORE, Plaintiff, EDDIE WHITE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, EDDIE WHITE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 11/13/13            KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: 877-788-2864
Email: abennecoff@creditlaw.com

7

PLAINTIFF'S COMPLAINT